IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ST. CROIX FEDERATION OF TEACHERS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIV. NO.: 1:11-CV-72 |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POLICE BENEVOLENT ASSOCIATION (Local 1910, St. Croix Chapter), et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CIV. NO.: 1:11-CV-68 |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER CONSOLIDATING THE ABOVE CAPTIONED CASES UNDER FED. R. CIV. P. 42(a) AND TRANSFERRING THEM TO THE ST. THOMAS DIVISION**

**I.** **Background**

These actions are brought on behalf of the members of the Police Benevolent Association (Local 1910), Law Enforcement Supervisors Union (Local 119), St. Croix Federation of Teachers, and American Federation of Teachers (Local 1826) (collectively "Union Plaintiffs") against the Government of the Virgin Islands, the Legislature of the Virgin Islands and several government employees (collectively "Defendants"), challenging whether the 8% salary reduction contained in the Virgin Islands Economic Stability Act of 2011 (the "VIESA") is an unconstitutional impairment of their contractual wages and benefits as established in their

Collective Bargaining Agreements (CBAs).

## II. Consolidation is Warranted

Federal Rule of Civil Procedure 42(a) states that: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In Re § TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999) (citation omitted). A court may consolidate cases *sua sponte* or on the motion of party: "Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Limited v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

The Court finds that these actions are substantially similar; both are brought on behalf of public union employees and allege that the VIESA impairs the Union Plaintiffs' rights to the salaries guaranteed in their CBAs. Both actions make similar legal claims, to wit, that the 8% pay reduction contained in the VIESA is a breach of the Union Plaintiffs' CBAs, unconstitutionally impairs their contract rights in violation of the Constitution and the Virgin Islands Organic Act, violates their Due Process rights, and violates the Separation of Powers Doctrine. (*See* Complaints, Case No. 1:11-cv-00068, ECF Doc. 1; Case No. 1:11-cv-00072, ECF Doc. 1) The similarity of the legal claims supports consolidation. *See Salem Steel North America, LLC v. Shanghai Shangshang Stainless Steel Pipe Co., Ltd.*, 2009 WL 2169243, at *2 (D.N.J. 2009) (finding consolidation appropriate because the two cases alleged similar causes of

action). Resolution of each case is likely to depend on the same facts, evidence, and witnesses and require the same legal analysis of the VIESA. *Pay Tel Systems, Inc. v. Seiscor Technologies, Inc.*, 1996 WL 67938, at *1 (S.D.N.Y. 1996) (consolidating cases for trial under Rule 42(a) because "[b]oth cases involve similar legal theories . . . Many of the fact witnesses also will be the same for both cases. And many of the documents to be offered into evidence will be the same for both cases."). Furthermore, the plaintiffs in each case have filed similar motions for a temporary restraining order and preliminary injunction to block imposition of VIESA's 8% pay reduction.

The Court finds that these actions involve numerous common questions of fact and law and that consolidation will reduce unnecessary duplication, conserve judicial (and the litigants') resources, and promote their efficient resolution. *See In Re § TMI Litig.*, 193 F.3d at 724; *Resnik v. Woertz,* __F.2d __, 2011 WL 1184739, at *5 (D. Del. Mar. 28, 2011) (finding consolidation appropriate because "both actions share common questions of law and arise out of identical facts and circumstances."). Accordingly, the Court orders that these actions be consolidated.

### III. Transfer to St. Thomas

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In making a determination as to the presence of these factors, the district court is vested with a wide discretion . . . ." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973). A court may decide to transfer an action *sua sponte* under § 1404(a) but should do so only where there is "evidence before the district court upon which it could base a finding that a transfer order was justified." *Id.*; *see also AmericanAnglian Environmental Technologies, L.P. v. Doherty*, 461

F.Supp.2d 359, 363 (E.D. Pa. 2006) ("A court may decide to transfer an action sua sponte under § 1404(a) but, of course, should not do so without supporting evidence." (citing *Plum Tree*, 488 F.2d at 756)).

Section 1404(a) applies to transfers between divisions within the same district. *Borghi v. Purple Group, Inc.*, 2009 WL 1404752, at *2 (D.V.I. 2009) (citing 28 U.S.C. § 1404(a)). Because a case that is subject to intra-district transfers does not usually require that either party change their counsel and will be "governed by the same rules and procedures," in those circumstances, transfer under 1404(a) "may be judged by a less rigorous standard." *Id*. (citing *White v. ABCO Engineering Corp.*, 199 F.3d 140, 143-44 (3d Cir. 1999)).

In considering whether to transfer a matter under Section 1404(a), the Court must first ascertain whether venue is appropriate in the transferee court. *See Kressen v. Federal Ins. Co.*, 122 F.Supp.2d 582, 588 (D.V.I. 2000); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22 (1981). Second, the Court must evaluate whether the interests of justice favor transfer by balancing both private and public interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir.1995)

The first condition is easily satisfied. Under 28 U.S.C. § 1391(b), which governs venue in non-diversity jurisdiction cases, "if venue is proper in one division of a district, then venue is proper in another division within that same district." *Borghi*, 2009 WL 1404752, at *3 (finding that copyright infringement action could have been brought (for purposes of 1404(a) analysis) in either St. Croix or St. Thomas). These actions are based on federal question jurisdiction, and under section 1391(b), could have been brought in either St. Thomas or St. Croix as the Government of the Virgin Islands "resides" in the entirety of the District of the Virgin Islands and thus in both of its divisions. 28 U.S.C § 1391(b); *Borghi*, 2009 WL 1404752, at *3.

4

The second prong of the 1404(a) analysis requires the Court to consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 n. 5 (3d Cir. 2001) (quoting *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995)). In *Jumara,* the Third Circuit listed certain private and public interest facts that may be relevant to the determination of whether or not to transfer venue pursuant to Section 1404(a). 55 F.3d at 879-80. The private interest factors include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses;" and (6) "the location of books and records (limited to the extent that the files could not be produced in the alternative forum)." *Id*. at 779 (internal citations omitted). The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; (6) "the familiarity of the trial judge with the applicable state law in diversity cases;" and (7) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id*. at 779-80 (internal citations omitted).

The private factors appear to favor St. Croix slightly. With respect to the convenience of the parties, the proper comparison in this case is the burden on the defendants of litigating on St. Croix with the burden on Union Plaintiffs of litigating on St. Thomas. *Borhgi*, 2009 WL 1404752, at *4. The primary defendant is the Government of the Virgin Islands, which can conveniently litigate the case in either jurisdiction. While the Union Plaintiffs' choice of forum

5

is entitled to some deference (*see Borghi*, 2009 WL 1404752, at *3 (citing *Windt v. Qwest Communications Intern., Inc.*, 529 F.3d 183, 190 (3d Cir. 2008)), both unions have a presence on St. Thomas, so it is difficult to imagine that they could not also easily litigate these cases there.[1] For the purposes of this analysis, the Court assumes that St. Croix is a more convenient forum for witnesses. Thus, at best, the private factors only slightly favor St. Croix.

The public interest factors, on the other hand, tilt the balance in favor of St. Thomas. In determining transfer motion under section 1404(a), courts frequently rely on "the desire to avoid multiplicity of litigation as a result of a single transaction or event." 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3854 (3d ed. 2011); *see, e.g., Continental Grain Co. v. The FBL*—585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Quantum Catalytics, LLC v. VantagePoint Venture Partners*, 2008 WL 5272483, *3 (S.D. Tex. 2008) ("Pursuant to no logical analysis can it be said that utilizing the resources of two courts to resolve the same issues involving the same parties is efficient."); *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) ("Many courts have concluded that the presence of a related case in the transferee forum is a powerful reason to grant a change of venue.") (collecting cases).

There are two similar cases pending in St. Thomas – *United Steel, Paper, Forestry, Rubber, Manufacturing, Allied Industrial and Service Workers International Union AFL-CIO-CLC v. Gov't of the Virgin Islands*, Case No. 3:11-cv-00076, and *American Federation of Teachers, et al. v. Gov't of the Virgin Islands*, Case No. 3:11-cv-00077. These two St. Thomas cases are also brought by unions seeking to enjoin VIESA's 8% pay reduction and raise nearly

---

[1] The Court notes that both the Police Benevolent Association and the America Federation of Teachers have chapters in St. Thomas.

identical issues to the cases currently pending before this Court. Consolidation of all four cases is more than a mere possibility; the Government has already filed a motion to consolidate the St. Croix cases with one of the St. Thomas cases. (*See* Notice of Filing of Motion for Consolidation, Case No. 1:11-cv-00068, ECF No. 14) Furthermore, the St. Thomas Division is more familiar with the issues raised by these cases as it has already decided a plaintiff's motion for a temporary restraining order. (*See* Order Denying TRO, Case No. 3:11-cv-00077, ECF No. 3) Transfer to St. Thomas for consolidation would save judicial resources, avoid duplicitous litigation and avoid inconsistent results. *See Thomas v. U. S. Lines, Inc.*, 371 F. Supp. 429, 432-33 (E.D. Pa. 1974) (transfer under 1404(a) appropriate to venue where consolidation "would be convenient, would avoid duplicitous litigation, and would avoid inconsistent results."). The Court finds that the public interest in adjudicating all four cases in a single forum – St. Thomas – outweighs the slight private interest in adjudicating these two cases in St. Croix. *See Blanning,* 378 F. Supp. at 1061 ("[I]f only the convenience of parties and witnesses were at issue, I would deny the motion to transfer the action to New York. However, the pendency of what appears to be a related case in New York tilts the balance in the opposite direction.").

**IV.**    **Conclusion**

For the reasons discussed above, it is hereby

**ORDERED** that Case Nos. 1:11-CV-00072 and 1:11-CV-00068 are **CONSOLIDATED;**

**ORDERED** that Case Nos. 1:11-CV-00072 and 1:11-CV-00068 are **TRANSFERRED** to the St. Thomas Division.

7

**ENTERED:**

Dated: July 25, 2011 _____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE